UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERENCE HOLLOWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV1235 CDP |
| | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff brings this suit for declaratory and monetary relief under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA) for alleged violations of his federally protected rights. Certain defendants have filed a motion to dismiss for failure to exhaust, to which plaintiff seeks additional time to respond. Plaintiff requests an extension until his "liberty is restored" (when he is released from administrative segregation and returned to general population) and until I have ruled on his motion for appointment of counsel. Plaintiff's motion for appointment of counsel will be denied and he will be given until February 23, 2007, to file a response in opposition to defendants' motion. Plaintiff should be aware that no responsive pleading to defendants' answers are required.

There is no constitutional or statutory right to a court-appointed attorney in

a civil case.  Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984).  In determining whether to appoint counsel, the Court considers several factors including the likelihood that the petitioner and the court will benefit from the assistance of counsel, the factual complexity of the case, the petitioner's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal issues.  Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Upon consideration of the above-listed factors, I find that appointment of counsel is not warranted at this time.  The claims and underlying facts of this case are relatively straightforward and do not appear to involve complex factual and legal issues.  Moreover, based on petitioner's presentation of the issues in his complaint and other submissions to the Court, he seems quite capable of litigating this action on his own.  Therefore, his motion for appointment of counsel will be denied.

In addition, plaintiff's 'Objection to Consent to Jurisdiction by United States Magistrate Judge,' filed on January 18, 2007 (docket #21), will be disregarded since this case is pending before a United States District Judge.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of

counsel [#11] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time [#19] is granted in part and denied in part. Plaintiff has until **February 23, 2007**, to file a response to defendants' motion.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2007.